```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION


DONNA M. MIKESELL,

                    Plaintiff,


vs.                                 Case No. 2:12-cv-606-FtM-29DNF


FIA CARD SERVICES, N.A., and BANK OF
AMERICA, N.A.,

                    Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Remand (Doc. #10) filed on November 27, 2012. Defendants filed an Opposition (Doc. #21) on December 14, 2012. Plaintiff asserts that the case must be remanded to state court because the Notice of Removal was untimely filed. Defendants respond to the contrary. For the reasons stated below, the Court finds that the Notice of Removal was timely, and that subject-matter jurisdiction based on diversity of citizenship exists.

Generally, any civil action brought in a State court of which the federal district court has "original jurisdiction" may be removed by defendants to federal court. 28 U.S.C. § 1441(a). The "original jurisdiction" of a federal district court includes diversity jurisdiction. 28 U.S.C. § 1332(a). If the state case is removable on the face of the initial pleading, a defendant has 30

days from service of the complaint and process in which to file a notice of removal. 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

**A.**

Plaintiff asserts that the Complaint was removable on its face, and therefore the 30 day period began on August 30, 2012, when defendant was served with the complaint and summons. (Doc. #1, ¶ 7.) The Court disagrees.

The Complaint (Doc. #2) alleges that plaintiff is a resident of Lee County, Florida, defendant FIA Card Services, N.A. (FIA) is a national banking association authorized to do business in Florida, and defendant Bank of America, N.A. (BOA) is a national banking association also authorized to do business in Florida. (Doc. #2, ¶¶ 2-4.) The action is "for damages in excess of $15,000, exclusive of interest, costs, and attorney's fees." (Id., ¶ 1.)

The Complaint further alleges that in August 2007, plaintiff's late husband applied for, received, and used a credit card from BOA. Plaintiff did not join in the application, make a separate

application of her own, or use the credit card in any way.  After the death of plaintiff's husband, BOA started billing plaintiff on the credit card account, and when she did not pay reported her non-payment to the three major credit reporting agencies.  (Id., ¶¶ 9-15.)  As a result, plaintiff suffered damages, including but not limited to the cancellation of her American Express account and Home Depot account, and the lowering of her Dillard's and Discover card credit limits.  (Id., ¶ 16.)

The Complaint then sets forth five state law claims.  Count I alleges a violation of the Florida Consumer Collection Practices Act against FIA Card Services, N.A., for which plaintiff seeks "actual, statutory, and punitive damages[1], as well as an award of attorney's fees, costs and expenses." (Id. at Count I "Wherefore" clause).  Count II alleges the intentional infliction of emotional distress against FIA Card Services, N.A., for which plaintiff seeks "judgment".  (Id. at Count II "Wherefore" clause).  Count III alleges a violation of the Florida Consumer Collection Practices Act against BOA, for which plaintiff seeks "actual, statutory, and punitive damages, as well as an award of attorney's fees, costs and expenses." (Id. at Count III "Wherefore" clause).  Count IV alleges

---

[1]Under the Florida Consumer Collection Practices Act, actual damages and additional statutory damages may be awarded "*but not exceeding $1,000*, together with court costs and reasonable attorney's fees incurred by the plaintiff."  Fla. Stat. § 559.77(2)(emphasis added).  The court may also award punitive damages.  Id.

the intentional infliction of emotional distress against BOA, for which plaintiff seeks "judgment".  (Id. at Count IV "Wherefore" clause).  Count V alleges "libel/defamation" against BOA, for which plaintiff seeks "judgment".  (Id. at Count V "Wherefore" clause.)

The only possible basis of removal of the Complaint to federal court would be premised on diversity jurisdiction.  Diversity jurisdiction requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).  The Complaint was not removable on its face because it does not allege either of these two necessary prerequisites for federal diversity jurisdiction.

**(1)  Complete Diversity of Citizenship**

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."  Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989).  Pleading residency is not the equivalent of pleading domicile.  Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  "A person's domicile is the place of his true, fixed, and permanent home and principal

establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotation marks and citations omitted).

A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is determined by the "nerve center" test. Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193 (2010). A national banking association is deemed a citizen of the States in which it is "located," 28 U.S.C. § 1348, and it is located in the State designated in its articles of association as its main office. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 319 (2006).

The Complaint does not properly allege the citizenship of any party. If the Complaint was intended to imply citizenship from the Florida residence of plaintiff and the authorization to do business in Florida by defendants, it was both insufficient and ineffective since a case cannot be removed if defendant is a Florida citizen. 28 U.S.C. § 1441(b)(2). Since citizenship was not properly alleged, the Complaint fails to show that the action was then removable to federal court.

### (2) Amount in Controversy

The only amount in controversy specifically pled is an amount "in excess of $15,000." This is not necessarily an amount within

the $75,000 federal jurisdictional limit, but "[w]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)(collecting cases).

Plaintiff argues that the Complaint was immediately removable because the aggregation of damages clearly reflects an amount in controversy in excess of $75,000. More specifically, plaintiff argues that because each count incorporates the first paragraph, which alleges that the case was "an action" for damages in excess of $15,000, each count against each defendant is aggregated. Thus, for example, because there are three counts against BOA, "immediately, there is an amount in excess of $45,000.00 that the Plaintiff seeks against [BOA]." (Doc. #10, pp. 6-7.) With the two counts against FIA also considered (aggregated to $30,000), plaintiff argues that the federal jurisdictional amount was met on the face of the Complaint. Plaintiff also suggests that the punitive damages must be considered, and that the statutory attorney's fees alone will exceed the $75,000 threshold amount.

Plaintiff's reading of her Complaint is flawed. It is simply not correct to assert that because each count incorporates a paragraph which proclaims that the Complaint is "an action" for damages in excess of $15,000, the amount in controversy is

-6-

determined by multiplying the number of counts by $15,000. Not only are there two separate defendants with separate counts, it is not at all clear that the $15,000 damages in each count can be aggregated, or whether to do such would be double recovery for the same injury simply being prosecuted under separate legal theories. Nothing in the facts alleged would make it facially apparent that the amount in controversy exceeded $75,000 as to either defendant. The actual damages are unspecified, punitive damages cannot be counted at all because they were improperly pled under Florida law[2], and there is no indication that attorney fees as of the time of removal would be sufficient to bring the amount in controversy to the requisite amount. Therefore, the removal within 30 days of service of the Complaint was not required.

**B.**

On October 26, 2012, plaintiff made a settlement demand of $250,000, and defendants allege that they timely removed the case within 30 days of the settlement demand providing an amount of controversy in excess of $75,000. (Doc. #1, ¶ 8.) The Notice of Removal was filed on November 7, 2012. (Id., ¶ 9.) If the reason

---

[2]Under Florida law, "no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." Fla. Stat. § 768.72(1). Kraft Gen. Foods, Inc. v. Rosenblum, 635 So. 2d 106, 107 (Fla. DCA 1994)("punitive damages claims can be asserted, if at all, only with prior leave of court" and should otherwise be stricken).

the case was non-removable on the face of the Complaint was limited to the amount in controversy, information later relaying the amount in controversy in the state record or in response to discovery is treated as "other paper", 28 U.S.C. § 1446(c)(3)(A), and a notice of removal may be filed within 30 days after receipt by the defendant of the other paper, 28 U.S.C. § 1446(b)(3). The settlement demand is sufficient to establish the amount in controversy as of the time of removal. <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 751 (11th Cir. 2010)("A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later."). Defendants filed their Notice of Removal within thirty days of this settlement demand. Therefore, defendants timely removed the case.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion to Remand (Doc. #10), and incorporated request for attorney's fees under 28 U.S.C. § 1447(c), is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of April, 2013.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record